■ REVILLON FRERES, Appellant, v. CASSELL TRUCKING COMPANY, Respondent, et al., Defendant.— Determination of the Appellate Term herein appealed from, which reversed a judgment of the Civil Court entered September 16, 1963, unanimously affirmed, with $50 costs to defendant-respondent. Plaintiff-appellant Revillon Freres (Revillon) as bailee sought to recover from Fur Merchants Cold Storage Corporation (Fur Merchants), a subbailee, and respondent Cassell Trucking Company (Cassell) for the loss of seven fur garments. These garments had been deposited with Revillon by its customers for storage. Since Revillon had no storage facilities of its own, it entered into a contract with Fur Merchants whereby Fur Merchants agreed to brush and store the garments belonging to Revillon's customers as well as to pick up and redeliver the garments to Revillon's place of business. The seven garments in question were removed from Cassell's truck while in transit from Fur Merchants' premises to Revillon. By the terms of the agreement between Revillon and Fur Merchants the liability of Fur Merchants was limited to $10 per garment if no value was declared or shown in the declared value column. No such value was declared or shown. The action brought against Fur Merchants was subsequently discontinued but continued as against Cassell. The only issue is whether Cassell is entitled to the benefit of the limitation of liability. The evidence clearly establishes that Cassell was the agent of Fur Merchants in the performance of the bailment. There was no additional charge to plaintiff, a bailee, by Fur Merchants, a subbailee, for the delivery and pick-up of the garments. Fur Merchants had the obligation to make all arrangements necessary for the transfer of the garments and there was no evidence that plaintiff was unaware that Cassell was the truckman used by Fur Merchants. In fact on the trial Revillon's office manager testified that he understood Cassell to be the truckman. Upon such a showing Cassell was not a stranger to the bailment but was the agent of the subbailee in the performance of the bailment, and as such entitled to the benefit of the limitation of liability. (*Berger* v. *34th St. Garage*, 3 N Y 2d 701.) *Herd & Co.* v. *Krawill Mach. Corp.* (359 U. S. 297) cited by Revillon, may be distinguished. In that case the question was whether the provisions of a section of the Carriage of Goods by Sea Act or the parallel provisions of an ocean bill of lading limiting liability of an ocean carrier applied to and limited liability of a negligent stevedore. It was found there was no intention in that case by the contracting parties to limit liability of stevedores or other agents of the carrier for damages caused by their own negligence. Moreover, the relationship of the stevedore to the bailee was not parallel to that of Cassell here, and as the court pointed out "Nothing in the language or history of the legislation indicates a purpose to regulate the stevedore's liability." (*Herd & Co.* v. *Krawill Mach. Corp.*, 256 F 2d 946, 949, affd. 359 U. S. 297.) The *Herd* case expressly overruled *Collins & Co.* v. *Panama R. Co.* (197 F 2d 893) which had given a stevedore the benefit of a limitation in the bill of lading. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.